```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

DIRECTV, INC.,                          )
                                        )
       Plaintiff,                 )
                                        )
    vs.                             )       No. 4:04CV897-DJS
                                        )
CHRIS TURNER, IAN ZARVOS,               )
JAMES WEISER and JOHN SANDLIN,          )
                                        )
       Defendants.                )

## ORDER

      This matter is before the Court on plaintiff's response to the Court's July 5, 2005 order requiring a status report concerning the three defendants against whom claims remain pending. Plaintiff's motions for default judgment against defendants Sandlin and Weiser were denied on March 9, 2005 and no renewed motions have been filed subject to the requirements set forth by the Court in the March 9 order. Plaintiff reports that a settlement of its claims against defendant Weiser appears imminent, and that it anticipates being able to finally dispose of those claims by September 14, 2005. Plaintiff's request that its claims against Weiser be "abated" until September 14 will be granted in the form of an order requiring the filing of a dispositive motion or stipulation by that time.

      Plaintiff represents that it has been unable to contact defendants Sandlin or Zarvos by phone and so has not yet conducted

any discovery, believing it was not permissible to do so prior to conferring with defendants within the meaning of Fed.R.Civ.P. 26(d). Plaintiff therefore requests leave to conduct discovery with respect to these defendants. The Court's October 28, 2004 issuance of a Case Management Order governing the claims against defendant Zarvos, which set a June 17, 2005 discovery deadline, was a clear signal that discovery could and should commence.[1] If plaintiff believed that discovery was necessary with regard to defendant Sandlin, against whom default was entered on September 3, 2004, and further believed that leave of Court was required to initiate such discovery, plaintiff should have sought such leave long before now. Because the Court finds that plaintiff unreasonably failed to timely seek such discovery as it believed necessary, and because the discovery deadline passed more than a month ago and plaintiff even now addresses the issue only in response to the Court's order for a status report, the Court will deny plaintiff's request for leave to conduct discovery out of time.

The claims against defendant Zarvos remain set for trial on the docket commencing November 21, 2005. The Court wishes to have the claims against the defendants now in default disposed of by that date as well, and will accordingly set a deadline of

---

[1] The Case Management Order further set a July 1, 2005 deadline for the filing of any motion for summary judgment as against defendant Zarvos, and set the trial for November 21, 2005.

September 30, 2005 for the filing of any renewed motions for default judgment as to defendants Weiser and Sandlin, with the understanding that the claims against Weiser may be settled instead.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for abatement with respect to defendant Weiser [Doc. #36] is granted as follows. No later than **September 14, 2005**, counsel shall file a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment disposing of the claims against defendant Weiser. Failure timely to comply with this order may result in the dismissal of the claims against defendant Weiser with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to conduct discovery with respect to defendants Zarvos and Sandlin [Doc. #36] is denied.

**IT IS FURTHER ORDERED** that any renewed motions for default judgment against defendants Weiser and Sandlin shall be filed no later than **September 30, 2005**, and shall be filed in accordance with the requirements of the Court's March 9, 2005 order. Failure to comply with this order may result in the

3

dismissal of the claims against defendant Weiser or Sandlin with prejudice.

Dated this  16th  day of August, 2005.

                                       /s/ Donald J. Stohr
                                       UNITED STATES DISTRICT JUDGE